UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REV. DR. ANGELA M. BATTLE,<br>**Plaintiff,**<br>v.<br>NEW JERSEY TRANSIT CORPORATION, et al.,<br>**Defendants.** | Civil Action No. 19-21247 (KSH) (CLW)<br><br>REPORT AND RECOMMENDATION |

**CATHY L. WALDOR, U.S.M.J.**

This comes before the Court on Defendant New Jersey Transit Corporation's ("NJ Transit") motion to dismiss Plaintiff's Complaint for lack of prosecution. (ECF No. 26). In accordance with Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court resolves NJ Transit's application without oral argument. Upon careful consideration of the record for this matter, and for good cause shown, and for the reasons discussed herein, the Court respectfully recommends that the District Court **DENY** NJ Transit's motion without prejudice.

I.   **RELEVANT BACKGROUND**

The Court entered a Pretrial Scheduling Order on April 1, 2020, (ECF No. 11), and the parties began engaging in discovery thereafter. Beginning in early 2021, Defendant NJ Transit advised the Court of various issues regarding Plaintiff's participation in this case. By letter dated January 29, 2021, NJ Transit advised that Plaintiff failed to timely provide written discovery responses, engage regarding rescheduling Plaintiff's deposition, or participate in settlement discussions. (NJ Transit's Jan. 29, 2021 Letter, ECF No. 18). Following a telephone status conference on February 11, 2021, the Court entered an Order stating, in pertinent part: "Plaintiff

has had personal issues resulting in delay of discovery. Plaintiff will respond to all discovery by February 26, 2021.  Defendant will notify the Court on the docket whether or not this deadline has been [met].  Plaintiff will make a demand." (Feb. 11, 2021 Order, ECF No. 20).  By letter dated March 1, 2021, NJ Transit advised that Plaintiff had not yet provided discovery responses or a settlement demand. (NJ Transit's March 1, 2021 Letter, ECF No. 21).

The Court conducted another telephone status conference on March 2, 2021.  Following that conference, the Court set another call for March 9, 2021 and directed Plaintiff to make a settlement demand by March 5, 2021.  (March 2, 2021 Order, ECF No. 23).  Plaintiff did not make a timely demand and her counsel did not attend the March 9, 2021 conference.  Following that conference, the Court entered the following Order:

> Defendants have leave to file a motion to dismiss for failure to prosecute this case, failure to provide discovery, failure to abide by any court order and failure to appear on the March 9, telephone conference. Plaintiff has also failed to make a demand for settlement other than that requested in his pleadings. The court has taken into account the many opportunities plaintiff was given to prosecute this case. A scheduling order dkt. # 14 was entered on October 30, 2020 and no discovery has been provided by the plaintiff. Fact end has long expired.

(March 9, 2021 Order, ECF No. 25).

Defendant NJ Transit filed that motion to dismiss on March 19, 2021, noting Plaintiff's ongoing failures to engage in the discovery process and to comply with the Court's directives. (ECF No. 26).  Plaintiff opposed NJ Transit's motion on April 5, 2021.  (Opp. Br., ECF No. 27). In that submission, Plaintiff's counsel explained that Plaintiff's discovery delays and absence from the March 9 conference were due to the impact of the COVID-19 pandemic and other significant developments on counsel's professional and personal life (personal illness, deaths of several family members, and the departure of all other staff members in counsel's firm).  (*Id.* at 2-5).  Counsel also represented that he was unable to provide NJ Transit with a monetary settlement demand

because his client insisted on being reinstated to her former position. (*Id.* at 3-4). NJ Transit filed a reply arguing that dismissal would still be appropriate, despite counsel's hardships, in light of the procedural history of the case and the prejudice it had sustained (and would continue to face) by being left unable to investigate Plaintiff's claims. (*Generally* NJ Transit Reply, ECF No. 28).

## II. **LEGAL DISCUSSION**

Federal Rule of Civil Procedure 41(b) provides, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Here, as noted above, Plaintiff has violated various Rules and Court Orders by, among other things, failing to sufficiently engage in discovery and missing the March 9, 2021 conference. (Decl. of Daniel S. Shehata ¶¶ 8-24, ECF No. 26). NJ Transit therefore requests that the Court dismiss Plaintiff's claims under Rule 41(b). (*Generally id.*).

When determining whether it might be appropriate to dismiss a case or claim under Rule 41(b), the Court must balance the six factors that the United States Court of Appeals for the Third Circuit articulated in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). *See United States v. $ 8,221,877.16 in United States Currency*, 330 F.3d 141, 161 (3d Cir. 2003) ("We have opined that [the six *Poulis* factors] must be weighed by a district court in determining whether the harsh sanction of dismissal is justified."). Under *Poulis*, the Court must examine:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions, and (6) the meritoriousness of the claim or defense.

3

747 F.2d at 868. The Third Circuit has explained that "there is no 'magic formula' or 'mechanical calculation' with regard to [a] *Poulis* analysis." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 246 (3d Cir. 2013) (quoting *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008)). Moreover, "[w]hile 'no single *Poulis* factor is dispositive,' [the Third Circuit has] also made it clear that 'not all of the *Poulis* factors need to be satisfied in order to dismiss a complaint.'" *Briscoe*, 538 F.3d at 263 (internal citations omitted). The Court must nevertheless consider each of the *Poulis* factors when conducting its analysis and should resolve "any doubts in favor of adjudication on the merits." *$8,221,877.16 in United States Currency*, 330 F.3d at 162 (citing *Scarborough v. Eubanks*, 747 F.2d 871, 878 (3d Cir. 1984)). The Third Circuit has noted, however, that the Court may forego a *Poulis* analysis entirely and dismiss a case "when a litigant's conduct makes adjudication of the case impossible." *Shipman v Delaware*, 381 F. App'x 162, 164 (3d Cir. 2010).

Here, the Court finds that, on balance, the *Poulis* factors currently weigh against dismissal. The first factor, which considers Plaintiff's personal responsibility for the aforementioned violations of various Rules and Orders, weighs heavily against dismissal. Mr. Herbert has explained that he bears responsibility for Plaintiff's failure to provide discovery, as a series of professional and personal issues have caused substantial delays. Mr. Herbert also advised that he missed the March 9, 2021 conference due to a death in his family. The Court accepts those representations. Moreover, Plaintiff advised that Mr. Herbert contacted her in May and explained that he was no longer working on her case.[1] (Pl.'s July 19, 2021 Letter, ECF No. 29). Thus, Plaintiff is in the process of finding replacement counsel and it is unclear if she is personally aware

---

[1] The Court has addressed this situation in a separate Letter Order. (Aug. 23, 2021 Letter Order, ECF No. 30).

4

of the pending discovery issues. This factual backdrop does not support a finding that Plaintiff bears personal responsibility for any of the foregoing, and the Court disagrees with NJ Transit's argument to the contrary. Indeed, Plaintiff's July 19, 2021 letter indicates that she, too, is frustrated by the delays in this case (though sympathetic to Mr. Herbert's situation). (*Id.*).

While, on its face, the second *Poulis* factor – which examines prejudice to NJ Transit – appears to favor dismissal, the Court can easily nullify any such prejudice through careful case management. NJ Transit argues that it has been severely prejudiced by Plaintiff's failure to participate in discovery, as it has been left unable to investigate Plaintiff's claims and the deadline for fact discovery has long since passed. (NJ Transit Br. at 6, ECF No. 26; NJ Transit Reply at 4-5, ECF No. 28). That would be true if, for instance, the Court permitted the case to continue to dispositive motion practice or trial without permitting NJ Transit to obtain the missing discovery. That will not happen. The Court will ensure that NJ Transit obtains Plaintiff's written discovery responses and deposition.[2] As the prejudice NJ Transit has described in its papers is easily correctable, assuming that Plaintiff actually provides the outstanding discovery, the Court finds that this factor is currently neutral to the *Poulis* analysis.

The Court next examines Plaintiff's history of dilatory behavior. While there have been multiple instances of noncompliance, the most severe were clustered around the same general period, during which time Plaintiff's counsel was beset by COVID-related delays and various personal issues. The Court notes, however, that certain of those issues predate the COVID pandemic, such as Plaintiff's prolonged failure to provide discovery responses in the summer and fall of 2020. (NJ Transit Br. at 3-4, ECF No. 26). It is unclear whether Mr. Herbert's personal or

---

[2] The Court understands that Plaintiff has already provided responses to NJ Transit's interrogatories. (NJ Transit Reply at 5, ECF No. 28).

professional troubles contributed to that delay. Regardless of their cause, the Court finds that Plaintiff has an established history of noncompliance with Rules and Orders such that this factor weighs in favor of dismissal.

The fourth *Poulis* factor requires the Court to examine whether Plaintiff or her counsel acted in bad faith with regard to the conduct at issue here. Nothing in the motion record suggests that they did. While Plaintiff's delays were unfortunate, the record reflects that counsel's failure to comply with the Court's directives is attributable to the personal and professional issues discussed herein. The Court finds that this factor does not support dismissal.

Next, the Court must consider whether sanctions other than dismissal might be effective in addressing Plaintiff's conduct. Given counsel's explanation for Plaintiff's recent non-compliance, and Plaintiff's intention to retain new counsel, the Court has every reason to believe they will. At the least, Plaintiff will now personally be on notice of the situation and the necessity for her new counsel (or failing that, Plaintiff herself), to correct any outstanding discovery deficiencies (e.g., provide responses to NJ Transit's document requests and appear for a deposition). Plaintiff is also now on explicit notice that, should those deficiencies persist, the Court may have no alternative but to recommend dismissal as a sanction for noncompliance. This is especially true given the history of this case. At the present, however, the Court finds that the fifth *Poulis* factor weighs against dismissal.

Finally, the Court must evaluate the meritoriousness of Plaintiff's claims. "Generally, in determining whether a plaintiff's claim is meritorious, we use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Briscoe*, 538 F.3d at 263 (citing *Poulis,* 747 F.2d at 869-70). The Court notes that the Hon. Katharine S. Hayden, U.S.D.J. previously granted NJ Transit's motion to dismiss certain of Plaintiff's claims on Eleventh Amendment immunity

6

grounds.  (*Generally*, Jan. 28, 2021 Opinion, ECF No. 16; Jan. 28, 2021 Order, ECF No. 17). Having reviewed Plaintiff's Complaint, the Court finds that, taking all of Plaintiff's allegations as true, her remaining claims have some facial merit.  NJ Transit has not argued otherwise.  The Court therefore finds that this factor weighs against dismissal.

On balance, the Court finds that the *Poulis* factors weigh against a Rule 41(b) dismissal at this point.  The Court therefore respectfully recommends that the District Court deny NJ Transit's motion without prejudice to NJ Transit's right to file a similar application, as appropriate, in the future.

### III.  CONCLUSION

Based on the foregoing, it is on this 23rd day of August, 2021,

**RECOMMENDED** that the District Court **DENY** Defendant NJ Transit's motion to dismiss for lack of prosecution, (ECF No. 26), without prejudice; and it is further

**RECOMMENDED** that the District Court direct Plaintiff's current counsel, Mr. Herbert, to provide Plaintiff with a copy of the Court's decision on Defendant's motion.

s/Cathy L. Waldor  
Cathy L. Waldor, U.S.M.J.

Cc: Katharine S. Hayden, U.S.D.J.