UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REV. DR. ANGELA M. BATTLE,<br><br>*Plaintiff,*<br><br>v.<br><br>NEW JERSEY TRANSIT CORPORATION AND JOHN/JANE DOES A THROUGH D,<br><br>*Defendants*. | Civil Action No. 19-21247 (KSH) (CLW)<br><br><u>ORDER</u> |

THIS MATTER having been opened to the Court on the motion (D.E. 26) of defendant New Jersey Transit Corporation to dismiss this action for lack of prosecution; and

Plaintiff Rev. Dr. Angela M. Battle having, through counsel, opposed the motion, pointing to the COVID-19 pandemic and difficulties counsel's law firm has experienced, among other considerations (D.E. 27); and

Magistrate Judge Cathy L. Waldor having issued a report and recommendation in which she recommends that the motion to dismiss be denied without prejudice (D.E. 31); and

The report and recommendation having noted plaintiff's failure to timely engage in the discovery process and to comply with certain Court directives and plaintiff's counsel's opposition to defendant's motion to dismiss for lack of prosecution based on, among other reasons, counsel's personal and professional circumstances; and

The report and recommendation observing that dismissal for failure to prosecute under Fed. R. Civ. P. 41(b) depends in this circuit on a balancing of the factors listed in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), namely "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet

1

scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense," *id.* at 868; and

The report and recommendation concluding that the first factor disfavors dismissal, in view of plaintiff's counsel's statements about his own role in the various delays; that the second factor does not currently favor dismissal because the Court can alleviate prejudice to defendant through careful case management; that the third factor favors dismissal, given the historical events in the case; that the fourth factor does not favor dismissal on the current record given plaintiff's counsel's reliance on personal and professional developments that hampered his compliance; that the fifth factor does not currently favor dismissal because plaintiff is now personally on notice that she herself or, if she chooses to engage new counsel, that attorney, will be required to comply with discovery and all other directives at risk of a dismissal sanction; and that the sixth factor does not favor dismissal because plaintiff's remaining claims have "some facial merit"; and

The report and recommendation concluding that, overall, the *Poulis* factors currently weigh against dismissal under Rule 41(b), and recommending that this Court deny defendant's motion to dismiss without prejudice to its filing of a renewed motion, if appropriate, in the future; and

This Court observing that plaintiff previously submitted a letter to the Court advising of the breakdown in the attorney-client relationship between plaintiff and her current counsel and requesting to proceed *pro se* while she sought replacement counsel (D.E. 29); and

Judge Waldor having granted plaintiff until September 17, 2021 to secure new counsel, after which plaintiff's current counsel could file a motion to withdraw (D.E. 30); and

That date having passed without an appearance by new counsel, and plaintiff's current counsel having moved to withdraw from representation based on the breakdown of the attorney-client relationship with plaintiff (D.E. 36), which motion remains pending; and

In reviewing a report and recommendation, the District Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."); L. Civ. R. 72.1(c)(2) (district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge," and "may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record."); and

No party having filed objections to the report and recommendation, and the time for filing objections having expired; and

The Court having reviewed the record and given "reasoned consideration" to the report and recommendation, *see EEOC v. Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017); and

The report and recommendation having properly concluded that dismissal was not appropriate on the current record in view of, in particular, plaintiff's counsel's role in plaintiff's noncompliance with discovery and other requirements and the ability of Judge Waldor's use of case management tools to mitigate any prejudice to defendant; and

3

Plaintiff having been put on notice personally of her obligation to comply with discovery and to participate in the litigation of this case, whether (assuming the pending motion to withdraw is granted) she chooses to engage new counsel or pursue it *pro se*; and

The report and recommendation properly concluding that defendant's motion should be denied without prejudice to renewal should plaintiff's failure to prosecute this case continue,

For the foregoing reasons, and for good cause shown,

**IT IS** on this 20th day of October, 2021,

**ORDERED** that the report and recommendation (D.E. 31) is ADOPTED; and it is further

**ORDERED** that defendant's motion to dismiss for lack of prosecution (D.E. 26) is DENIED WITHOUT PREJUDICE; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this order by regular mail on plaintiff at the address set forth in her letter filed at Docket Entry 29.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.